[789 NYS2d 715]

In the Matter of NEAL M. SHER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 14, 2005

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Neal M. Sher*, Queens Village, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

By order of the District of Columbia Court of Appeals dated August 28, 2003 (830 A2d 1262 [2003]), the respondent was disbarred on consent in that jurisdiction. The respondent's misconduct involved his submission of false claims for reimbursement to the International Commission on Holocaust Era Insurance Claims (hereinafter the ICHEIC).

The petitioner served the respondent with a notice pursuant to 22 NYCRR 691.3 advising him of his right to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in that section of the Court rules and to request a hearing prior to the imposition of such discipline, and the respondent filed his verified statement raising one of the aforementioned defenses and requesting a hearing pursuant to 22 NYCRR 691.3. The respondent does not contest the facts underlying his disbarment in the District of Columbia, to which he consented. However, he contends that, under the totality of the circumstances, justice would not be served by imposing the reciprocal sanction of disbarment.

A hearing was held on February 13, 2004, and April 2, 2004. Special Referee Monteleone submitted a report, dated May 20, 2004, in which he took note of the respondent's "substantial arguments" that the imposition of discipline by this Court would be unjust and left the determination whether to impose further discipline to the discretion of the Court. The petitioner now moves to confirm the report of the Special Referee and to impose such reciprocal discipline upon the respondent as the Court deems just and proper. The respondent has cross-moved to confirm the Special Referee's report but to decline the imposition of reciprocal discipline.

At the outset, the respondent maintained that he was not challenging the underlying facts. He never alleged that there was a lack of due process or lack of complete fairness in the

District of Columbia disciplinary proceeding. Rather, he maintained that the imposition of reciprocal discipline in New York would be unjust in view of his unblemished record and his personal situation involving his ex-wife, against whom he obtained a restraining order. In view of the emotional and financial pressures he was under, the respondent made the difficult decision to forgo a case in mitigation and to avoid the adverse publicity by resigning from the District of Columbia bar. The respondent submits that other than his breach of trust, he made restitution and no one was aggrieved by his conduct.

The Special Referee noted that no findings were made by the District of Columbia Court of Appeals, since there were no hearings. However, the respondent admitted in his affidavit of consent to disbarment, which was annexed to the petitioner's notice pursuant to 22 NYCRR 691.3, that on 20 occasions between August 1999 and March 2002, while serving as the chief of staff and chief counsel to the ICHEIC, he filed claims for reimbursement which contained deliberately inflated statements regarding expenses incurred for air travel. The respondent admitted retaining $106,426.53. This sum was the difference in the price of coach class airfares that he actually purchased, as opposed to business class fares that he submitted as claims for reimbursements and which he was authorized to purchase, but did not. The respondent acknowledged that his conduct was not authorized by the ICHEIC. The respondent freely and voluntarily consented to disbarment in the District of Columbia.

The petitioner contends that the respondent has offered no evidence to establish why the imposition of reciprocal discipline in New York would be unjust.

In support of his cross motion, the respondent points out that he has always accepted responsibility for the improprieties which gave rise to this matter. However, he believes that the mitigating circumstances are such that the ends of justice would not be served by imposing the reciprocal discipline of disbarment. According to the respondent, the thrust of his career has been dedicated to public service and "to the pursuit of justice in the purest sense."

Based on the evidence adduced, the motion and cross motion are granted to the extent that the Special Referee's report is confirmed. Notwithstanding the mitigation advanced by the respondent and the remorse expressed, he is guilty of serious professional misconduct which involves dishonesty, fraud, deceit, and misrepresentation. This misconduct warrants a one-year suspension.

PRUDENTI, P.J., FLORIO, H. MILLER, RITTER and SANTUCCI, JJ., concur.

Ordered that the motion and cross motion are granted to the extent that the Special Referee's report is confirmed; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Neal M. Sher, is suspended for a period of one year, commencing March 14, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Neal M. Sher, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Neal M. Sher, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).